## KEENAN v. THE DUBUQUE MUTUAL FIRE INSURANCE COMPANY.

13  375
f141  34J

1. QUESTION NOT RAISED BELOW. The Supreme Court will not review questions not presented to the court below.

2. WAIVER. The assessment and collection of a portion of a premium note, by a mutual insurance company, after it has been advised of a violation of the conditions of the policy, operates as a waiver of any forfeiture by reason of such violation: following *Keenan* v. *The Missouri State Mutual Insurance Company*, 12 Iowa, 126.

3. NOTICE TO AN INSURANCE COMPANY. The knowledge an officer of an insurance company acquires by rumor, or by information, in his individual capacity, is not constructive notice to such company.

Keenan v. The Dubuque Mutual Fire Insurance Company.

*Appeal from Dubuque City Court.*

FRIDAY, JUNE 13.

THE defendant, upon the 6th day of December, 1856, issued a policy of insurance to the Odd Fellows' Hall Association, upon a building owned by them, in the City of Dubuque. The policy was to run for six years. The building was destroyed by fire in May, 1859. The plaintiff having obtained judgment against said association, notice of garnishment was duly served upon the defendants, and, an issue being made upon the answer of the garnishee, there was a trial by jury, and verdict for the plaintiff.

Defendant appeals.

*Bissell & Shiras* for the appellant.

1. No notice of loss was given forthwith, as required by the laws of the Company. The loss occurred May 27th, and the notice was not given until June 8th. This, certainly, is not forthwith. Angell on Fire Ins., 293; *Inman* v. *Western Fire Insurance Company*, Wend. Rep., 452; *Edwards* v. *Baltimore Fire Insurance Company*, 3 Gill. (Md.), Rep., 176.

2. The policy and application form but one contract. The condition, that "no stage scenery to be introduced and used in the building," is a warranty that no such scenery should be *used during the continuance of the policy,* and the introduction of such machinery was a breach of the warranty, and rendered the policy void. *Holmes et al.* v. *Charlestown Mutual Insurance Company*, 10 Met., 214; *Houghton et al.* v. *The Manufacturers' Mutual Fire Insurance Company*, 8 Met., 114.

3. A policy once rendered void by breach of its conditions by the assured, cannot be revived, unless upon a new consideration, and upon such terms as would make

a new contract. *Smith* v. *The Saratoga County Mutual Insurance Company*, 3 Hill, 508 and cases therein cited; *Neeley* v. *The Onondaga County Mutual Insurance Company*, 7 Hill, 49.

4. If the policy of insurance in this company becomes void, it does not release the assured from his liability on his premium note, and the collection of assessments on such premium note, even when the company knew of the breach which rendered the same void, would not be a rewaiver of such breach, or operate to revive the policy. *Bangs* v. *Skidmore*, 24 Barb. (N. Y.), 29.

5. The company had no knowledge of the violations of the conditions of the policy, by using "stage scenery," at the time the assessments were made. The only persons who had such knowledge, and were officers of the insurance company, were directors of the Odd Fellows' Hall Association. It is not enough that some of the directors of the insurance company should have had such knowledge; it must be known by the directors *as a body—as a Board.* No direct knowledge is brought home to any of the officers except those interested as officers of the assured. *National Bank* v. *Norton*, 1 Hill, 578; *Farmers' & Citizens' Bank* v. *Payne*, 25 Conn., 444; *Bank of the United States* v. *Davis et al.*, 2 Hill, 451.

*John H. O'Neill* and *John L. Harvey* for the appellant.

1. The first point made in defendant's brief is, that notice of the loss was not given forthwith, as provided by the by-laws of the company. In reply, we say, this question was not raised in, nor passed upon by, the court below, therefore cannot be reviewed by this court. The answer of the garnishee sets forth, specifically, the reasons why the insurance company refused to pay the loss, but makes no mention of this objection, and in all the instructions asked, given or refused, no notice whatever is taken of this point.

*Lorieux* v. *Keller*, 5 Iowa, 196 ; *Delany* v. *Reade*, 4 Id., 292 ; *Jungk* v. *Jungk*, 5 Id., 541 ; *Rowan et al.* v. *Lamb*, 4 G. Greene, 368 ; *Miller* v. *Chittenden et al.*, 2 Iowa, 315, 360 ; *Houston, Garnishee*, v. *Wolcott & Co.*, Id., 86 ; *Berry* v *Gravel*, 11 Id., 135. "Forthwith" means within a reasonable time, and what is a reasonable time is a question for the jury, under all the circumstances. *Columbia Insurance Company* v *Lawrence*, 10 Peters, 507 ; *Edwards* v. *Baltimore Fire Insurance Company*, 3 Gill (Md.), 176 ; *Kingsley* v. *New England Fire Insurance Company*, 8 Cush., 393 ; *Sexton* v. *Montgomery County Mutual Insurance Company*, 9 Barb., 191.

2. The policy and premium note are dependent contracts. Where the policy becomes void, so that the insurance company could not be compelled to pay a loss, designed to be covered by it, the premium note becomes likewise void, and the company can no longer legally make assessments upon it for losses sustained after the policy becomes void. *Keenan* v. *The Missouri State Mutual Insurance Company*, 12 Iowa, 126 ; *Indiana Mutual Fire Insurance Company* v. *Conner*, 5 Port. (Ind.), 170, decided in 1854, overruling 2 Carter, 645 ; *Wilson* v. *Trumbull Mutual Insurance Company*, 19 Penn. State, 372 ; *Burbank, Admr.*, v. *Rockingham Mutual Fire Insurance Company*, 4 Foster, 550, 560 ; *Frost* v. *The Saratoga Mutual Insurance Company*, 5 Denio, 154 ; *Lynn* v. *Burgoyne*, 13 B. Monr., 400 ; *Viall* v. *Genesee Mutual Insurance Company*, 19 Barb., 440.

3. Where a Mutual Insurance Company, with full knowledge of an alteration in the risk, which would render the policy void, continues to make and collect assessments upon the premium note of the holder of the policy, the jury may infer therefrom a waiver of the forfeiture. *Keenan* v. *The Missouri State Mutual Insurance Company*, 12 Iowa, 126 ; *Frost* v. *The Saratoga Mutual Insurance Company*, 5 Denio, 154 ; *Viall* v. *The Genesee Mutual Insurance Company*, 19

Barb., 440; *Insurance Company* v. *Stockblower*, 26 Penn. S. R., 199; *Allen* v. *Vermont Mutual Fire Insurance Company*, 12 Verm., 366; *Leathers* v. *Farmers' Mutual Insurance Company*, 4 Foster, 259; *Goodall* v. *New England Fire Insurance Company*, 5 Foster, 169, 190, 191; *Goit* v. *The National Protective Insurance Company*, 25 Barb., 189; *Ruse* v. *The Mutual Benefit Fire Insurance Company*, 20 Barb., 556; *Tuttle* v. *Robinson*, 33 N. H., 104, 114.

4. It will be seen that the President, Secretary and two of the directors had knowledge of the fact, which, it is alleged, would invalidate the policy. This knowledge was not obtained by " mere rumor, or talk upon the street corners," but by the evidence of their own senses, and that three of the four had their attention expressly called to the effect of the change in the use of the building upon the policy of insurance. The cases are not agreed upon the question under discussion, but we confidently assert that no case can be found where such notice or knowledge, as has been shown in this case, was held insufficient to bind the corporation. *North River Bank* v. *Aymar*, 3 Hill, 262, 274, 275; *Porter et al.* v. *Bank of Rutland et al.*, 19 Verm., 411, 425; *Fulton Bank* v. *New York & Sharon Canal Bank*, 4 Paige, 126, 136; *Romayn* v. *Mich. Fire Insurance Company*, 1 Green (N. J.), 110; *The Bank of St. Mary's* v. *Munford & Tyson*, 6 Georgia, 44, 49. Proof that the corporation, sought to be charged with notice, took a newspaper in which the notice was published, is a fact from which the jury are authorized to infer actual notice to a corporation. *Green* v. *Merchants' Insurance Company*, 10 Pick., 402, 406; *Bank of South Carolina* v. *Humphreys*, 1 McCord, 388; *Martin* v. *Walton*, Id., 16; *Elton* v. *Larkins*, 5 Car. & P., 86; *Freire et al.* v. *Woodhouse*, 1 Holt, 572; *The New Hope and Delaware Bridge Company* v. *The Phœnix Bank*, 3 Com., 156; Am. Law Reg., Feb., 1862.

BALDWIN, C. J. — The defendants claim that they are not liable upon their contract of insurance, for the reason that the assured rented the building for a theatre, and permitted stage scenery to be introduced therein, in direct violation of the conditions of the policy; that by the introduction of "stage scenery," the risk became extra-hazardous, the fire facilitated thereby, and that the plaintiff should not recover. The plaintiff denies that there was any condition in the policy that was violated by the acts of the association in permitting such scenery, &c., to be introduced; that if the said policy was forfeited by a violation of its terms, that the defendant waived such forfeiture by recognizing its validity after such forfeiture occurred. It is claimed that the said building was used as a theatre, and stage scenery introduced, with the knowledge and assent of the officers of defendant, and after the building was so used, and with a full knowledge of such fact by the company, certain assessments were made and collected by defendant on the premium note of the assured. There are several assignments of error argued by counsel, that become of little importance from the view we take of the case.

The objection to the plaintiff's right of recovery, for the reason that notice was not forthwith given to defendant of the loss by fire, presents a question not raised in the court below, and cannot now be considered by us.

The instruction of the court as to the effect of the answer of the garnishee, that they were to give to it the same consideration as they should to the testimony of a disinterested witness, except in so far as such answer was based upon information and belief, was not such an error as to prejudice the defendant. Nor do we think the court erred in its instructions given, which directed the jury that the assessment and collection of a portion of the premium note, after the defendants were advised of a violation of the policy, was a waiver of the forfeiture. The correctness of this

instruction, and the refusal of those which contained directly the opposite doctrine, has been determined by this court in the case of *Keenan* v. *The Mo. State Mutual Ins. Co.*, 12 Iowa, 126.

The controlling question in the case is, whether the defendant ever had notice of the violation of the terms of the policy prior to the fire, or when the assessments were made, by which it is claimed the forfeiture was waived.

The jury must have found that the defendant waived the forfeiture, as we think it is clearly established by the evidence that the introduction of "stage scenery" into said building was in violation of the conditions of the policy. Nor do we see how the jury could have found otherwise than they did, under the instructions of the court. The evidence shows that the President of the Insurance Company was present in the building when stage scenery was there used, that the opening of the theatre was announced by the public papers, and large notices posted up at the post-office, and at the public places in the city, that at a meeting of the directors of the Odd Fellows' Hall Association, part of whom were directors and members of the Insurance Company, the question was canvassed whether a lease to the Dramatic Association, and, as incident thereto, the introduction of "stage scenery," would be in violation of the terms of their policy of insurance. It is upon this knowledge that the jury must have concluded that the defendant was notified of the violation of the policy. The court refused to instruct the jury "that mere rumor, or that kind of knowledge which is acquired by an officer of a corporation in his individual capacity, is not sufficient to constitute notice to a corporation." "That notice of any fact material in any particular case, must be given by some person having authority to give notice of such fact, to some one having authority to receive notice." "That the knowledge that C. H. Booth, P. A. Lorimier and F. E. Bissell

derived as officers of the Odd Fellows' Hall Association will not be evidence against the Dubuque Mutual Fire Insurance Company, or tend to prove that the said Insurance Company had any knowledge that stage scenery was or had been used in the building insured." .

We think that the refusal of the court to give these instructions was error.

The knowledge that an officer acquires by rumor, or by information in his individual capacity, should not be considered as constructive notice to the company.  Such officer may receive such information, without knowing how far it affects the rights of the company he represents.  The policy, with its conditions, is not under his control, or in his possession, nor can he be required to retain in his mind the conditions of the insurance in each policy, so that, when he walks the street, stops at a business house, or attends a theatre or place of public worship, he is to take notice of the acts of persons insured, and report to the board of directors all he has seen or heard, so that the company may be advised whether their outstanding policies are being violated or not.

In the case of the *Fulton Bank* v. *N. Y. Sharon Canal Co.*, 4 Paige, 127, it was held " that the directors or trustees of a corporation when assembled as a board are the general agents of the corporation, and notice to them, when so assembled, is notice to their successors, and to the corporation.  But notice to an individual director, who has no duty to perform in relation to the subject matter of such notice, is not a good constructive notice to the corporation."

In the case of the *National Bank* v. *Norton et al.*, COWEN, J., after citing the ruling of different courts upon this subject, says : "These cases show what is indeed quite plain, that the acts of a director, or other officer of a corporation, unless official or in respect to his agency, are no more operative as against the institution than the acts of any

ordinary corporator, and these no more so than the acts of a stranger." See also *Farmers' and Citizens' Bank* v. *Payne*, 25 Conn., 444; *Bank of the United States* v. *Davis et al.*, 2 Hill, 451.

Reversed.