Nicholson, C. J.,
delivered the opinion of the Court.
This is an action brought in the first Circuit Court of Shelby county, by J. M. McKenzie, against the Planters Insurance Company, on a policy of insurance issued by the latter to the former, on his hotel in Carroll county, Tenn. The property was insured from June 28, 1867, to June 28, 1872, to the amount of •'$2,000, and was totally consumed by fire on the 31 •of November, 1868. Two grounds' of defense were relied on by the Insurance Company — first, that Me- *262 Kenzie took out insurance for $1,000 in another com-' pany, after the Planters policy was made, and without obtaining the written consent of the Planters Company to it endorsed on his policy; — and second, that McKenzie had rented out the hotel without the consent of the Planters Company endorsed on the policy. Upon the evidence, and under the charge of the Circuit Judge, the jury found for the plaintiff and assessed his damages at $2,202. Defendant has appealed in error to this Court.
The first ground for reversal relied on by the company is, that the court below erred, in stating to-the jury the legal effect of the collection by the company of premium notes, as a waiver of a previous forfeiture of the policy by the default of the assured. It appeared in proof, that after obtaining his policy from the Planters Company, the assured took another policy on the same property from another Insurance company, and also that he rented out and gave possession of the property to two lessees — both of these acts voided the policy of the Planters Company, according to the stipulations of the contract of insurance-—unless the consent of the company was obtained and endorsed on the policy. To avoid the fact, that no such consent was obtained and endorsed on the policy, the assured adduced evidence which tended to show, that after the second policy was taken out and after-the hotel had changed possession by renting, the company was notified thereof, and with such notice the-company had assessed twenty-five per cent, on the premium note of $300 of the assured, and that the as *263 sured had paid the same before the property was-burned. The assured relied on this evidence as a waiver by the company of the forfeiture of the policy. It was in view of this evidence that the charge was-given which is now said to be erroneous. It is as-follows: “ If you find from the testimony that there was another insurance taken upon this property by plaintiff in another company, after this insurance in defendant’s company, this would defeat the plaintiff’s-right to recover on this policy; unless -the proof further satisfies you that the company was notified of this after insurance, and gave their assent thereto. But this assent need not have been .given by an endorsement of the - fact upon the policy itself by the secretary of the company, if you are satisfied from the-testimony, that with knowledge of the after insurance, the company made assessments upon premium notes- and collected premium money from the plaintiff.”
It is insisted for defendant that the rule as to-waiver by making assessments on premium notes, is-laid down too broadly by the Circuit Judge. It is-argued, that where the forfeiture of the policy results-from the . violation of the stipulations of the policy by the assured himself — as in the present case — he forfeits-to the company the whole of the premium note, and the company has the right to enforce the collection of the note. Hence it is insisted, that to allow the assured, at his pleasure, to do an act of forfeiture, and then to make the enforcement of the rights of the company, as by collecting the premium note, constitute a waiver of its rights to declare the forfeiture, would *264 be to put every insurance policy and their continuance at the will and pleasure of the assured. If the Circuit Judge had instructed the jury in general terms, that after an act of forfeiture the collection by the company of the premium note would be a waiver of the forfeiture, the rule of law would have been stated too broadly, as argued by defendant. The collection of the whole premium note, after an act of forfeiture,. would be a virtual confirmation of the forfeiture, instead of a waiver of it.
But the language of the Circuit Judge is: “If you :are satisfied from the testimony that with the knowledge of the after, insurance, the company made assessments . upon premium notes and collected premium money from the plaintiff,” then such assessment and collection would be a waiver. The assessment of a .premium mote and the collection of the amount so assessed, necessarily implies that the company does not claim the whole amount of 'the note to be due, but only such portion as may be necessary to meet the exigency which calls for an assessment. It implies that the company still recognizes the assured as entitled to the benefits of the policy, and subject as other policyholders to have the residue of his premium note assessed for future exigencies. The assessment upon the premium note is so far from, being' an act in confirmation of a forfeiture, that it is wholly inconsistent with it, and furnishes conclusive evidence that the company has waived the forfeiture if done with knowledge of the acts of forfeiture. It is upon this ground that the rule of -law rests, which holds such assess *265 ment and collection of a premium note as a waiver of an act of forfeiture which was within the knowledge of the company: Hyatt v. Wait, 37 Barb., 29; Keenan v. Dubuque Mat. Ins. Co., 13 Iowa, 375; 1 Phil. Ins., 501.
The instructions given to the jury are to be construed as applicable to the evidence in the case. We find in the record that on the 5th of September, 1868, the Insurance Company made an assessment of 25 per cent, upon the premium or deposit notes, for the purpose of paying expenses and ' losses. A circular was issued calling on the policyholders to pay this assessment, and among the others one was addressed to plaintiff, in which he is notified that his deposit note of $300 was assessed $75, and that the assessment was payable within thirty days; and he is expressly notified that “if payment is not made in the time specified, your policy will become void, and you will be liable for the full amount of your note.” Here is positive proof that at that time, which was after the alleged acts of forfeiture, and after the proof tends to show the company had knowledge of these acts, the company held plaintiff as a subsisting policyholder, and an express admission that his policy was then in full force. It is in proof that plaintiff promptly paid the assessment. It was in reference to this evidence that the Circuit Judge instructed the jury that the assessment upon plaintiff’s premium note, and the payment thereof, after the acts of forfeiture, if the assessment and payment were made with knowledge by the company of the acts of forfeiture, would *266 then operate as a waiver. . It is clear, therefore, that the rule was not stated too broadly by the Circuit Judge.
But it is next insisted that the Circuit Judge erred in admitting as evidence the parol declarations of the agent, Nolen, made before the policy was. issued and at the time it was received, as proved by-plaintiff. On this point the Judge said to the jury; “But if you find that the company was not notified of this after insurance, and in ignorance of the after-insurance made collections of premiums, you will find for defendants. So, too, if you are satisfied from the testimony that the plaintiff made the statement to the-agent of the company, that he intended to take out other-insurance, when this insurance was being effected, and the agent agreed to this, and the policy was issued upon this understanding, and that by the misstatements- and misrepresentations of the agent afterward acting within his apparent authority, plaintiff was kept in ignorance, of the provisions of the contract in -this respect, the company will now be estopped from setting up these stipulations of the policy. On the contrary, if the agent made no such misstatements, and the policy was delivered to plaintiff, he was bound to know its provisions, and if he negligently failed to open it he would be bound to know its provisions: and if you find this state of facts, you will find for defendant.” It is obvious that these instructions were given to the jury in view of the conflict in the testimony between the plaintiff and the agent of defendant. In order to avoid the written simulations in *267 tbe policy wbieb rendered it void, if an after insurance was made, or if there was a change of possession by lease or otherwise, without the written consent of the company, plaintiff testified that the agent, in soliciting him to apply for a policy, and in his-explanation of the terms and stipulations that would enter into the contract, concealed or remained silent as to after insurance or change of possession being-stipulations in the contract; and also that after he-had forwarded his application, in ignorance that such stipulations were to be inserted in the policy, the-agent was present when he received the policy, in a sealed envelope, and at once told him it was all right, and that it was not necessary to break open the envelope — and that being thus assured by the agent, he-put the policy away, enclosed in the envelope unopened, and had no knowledge of the stipulations until after he had taken the second insurance, and had leased his property. It is clear that this parol evidence was incompetent to alter or contradict the written contract, but it is equally clear that it was not offered or admitted for such purpose. It was offered to show that he was induced to apply for the policy by the fraudulent misstatements and- omissions of the-agent-, and that he was kept in ignorance of the existence of the stipulations in the policy by fraudulent conduct and statements of the agent, which induced him not to open and read the policy. These statements and representations of the agent, if made, were-made within the scope of his agency, and were clearly competent for the purpose for which they were offered. *268 On the other hand, the defendant introduced the agent, who- denied every material statement attributed to him by the plaintiff, thus making a direct conflict in the testimony between these two witnesses. This conflict was a matter to be settled by the jury, and it was submitted to them with instructions which are unexceptionable.
It is insisted, in the last place, that the judgment ought to be reversed, because, in his application for a policy, plaintiff represented himself as owning the property insured in fee simple, and that by the terms of the policy this was a warranty that he had the fee simple title; but that on the trial of the cause, the only proof made as to the title was parol or oral testimony. To this it may be answered that uo issue is made by the pleadings as to any misrepresentation of the character of his title by plaintiff in his application for insurance, nor was any objection made to- the competency or sufficiency of the parol testimony as to title, on the trial. It is too late now to raise the question, after having waived it in the court below.
We have found no error in the ruling of the court below as to matters of law. On the trial the jury have given credit to the testimony in favor of the plaintiff, and we can not say that their verdict is not supported by the evidence.
Let the judgment be affirmed.