R. E. CAFFEE ET AL., Plaintiffs, v. N. J. BERKLEY, HENRY MYERS and JOHN THEE, Appellants, and CARBON PLASTER COMPANY, Defendant and Cross Petitioner.

Corporations: ORGANIZATION: UNAUTHORIZED ACTS OF PROMOTERS: FRAUD. The promoters of a corporation occupy a fiduciary relation to the company and are required to act in the utmost good faith respecting any matter affecting the financial interests of the corporation, with the fullest disclosure of all the facts. Under this rule they can not purchase land on their own account as agents and sell it to the corporation at a profit unless the transaction is fully disclosed and consented to.

Same: NOTICE OF FRAUD. Where the promoters of a corporation are acting in their own interest and antagonistic to the cor-

poration they represent, their knowledge of the transaction is not chargeable to the corporation.

**Same:** LIMITATION OF ACTION. An action against the promoters of a corporation to recover a secret profit derived by them at the expense of the corporation is solely cognizable in equity; and the statute providing that a cause of action for fraud shall not be deemed to have accrued until the fraud is discovered applies.

**Fraud:** NOTICE. While the means of acquiring knowledge of fraud is ordinarily the equivalent of actual knowledge, still knowledge of fraud incidentally acquired by the officers of a corporation when not acting in an official capacity is not notice to the corporation.

**Same.** The mere recording of a deed is not notice of the price paid for land unless there is some obligation to examine the record to ascertain the price paid.

*Appeal from Black Hawk District Court.*—HON. FRANKLIN C. PLATT, Judge.

TUESDAY, NOVEMBER 17, 1908.

REHEARING DENIED SATURDAY, FEBRUARY 20, 1909.

THE opinion states the case.—*Affirmed.*

*Hoxie & Brunn* and *Courtright & Arbuckle,* for appellants.

*Jesse Gouge* and *Edwards & Longley,* for appellees.

SHERWIN, J.—This is an action in equity to recover of the defendants, N. J. Berkley, Henry Myers, and John Thee, a secret profit which it is alleged they derived from the sale of land to the Carbon Plaster Company, a corporation promoted and organized by them. The Carbon Plaster Company and the plaintiffs asked the same relief. The court found the Carbon Plaster Company entitled to

an accounting and to a judgment against the defendants, N. J. Berkley, Henry Myers, and John Thee, for the sum of $13,300, with interest at six percent per annum from January 11, 1901, and said defendants appeal.

The facts necessary to an understanding of the transaction out of which this action arose are substantially as follows: In April, 1900, the defendants, with some others, became interested in securing gypsum land near Ft. Dodge, Iowa, for the purpose of erecting a plaster mill and engaging in the manufacture of gypsum plaster. It was their plan to organize a corporation, and to purchase gypsum land and build a mill with capital that was raised by the sale of stock. Pursuant to this plan, an option was taken on what was known as the "Steiner land" at $250 per acre. This option was not exercised, however, and in May the appellants procured an option on what was known as the "Woodworth Farm," of about one hundred and fifty acres, at $130 per acre. After this last option was taken, the appellants and others employed by them for the purpose immediately began soliciting stock subscriptions for the proposed corporation, and met with fair success. Practically nothing was paid for this option, and it was given for only sixty days. When this time was about to expire, the stock had not all been subscribed for and the option was renewed. On August 29th, however, $50,000 of the capital stock had been taken by the subscribers therefor, and on that day the stockholders met and selected a board of seven directors, two of whom were the appellants Berkley and Myers, and two of the others were W. P. Hoxie and C. F. Wichman, who had been assisting the appellants in promoting the corporation. On the 30th of August the said directors met and selected as officers the defendant Berkley as president, J. J. Emmert, vice president, C. F. Wichman, secretary, and the appellant John Thee as treasurer. On September 10th the books of account for the company were opened. The

proper stock entries were made and each subscriber was charged with the amount of his subscriptions, and these subscriptions were subsequently paid in full, except the amount subscribed by the appellants. September 19th the appellants closed the option by entering into a written contract by which they bound themselves to buy the Woodworth land at $130 per acre. One thousand dollars in cash was then paid, $3,500 was payable in stock of the corporation, and the balance was to be paid upon receiving complete title. Early in January, 1901, Berkley, Myers and Thee conveyed to the corporation the real estate in question for $38,400, which sum was afterwards paid to them in full. $13,159.60 of said sum was, in fact, paid in cash on the 15th day of January, which was before the appellants received a deed for the land from the Woodworths. The corporation also paid the 1900 taxes upon the land. In determining the amount which should be returned to the appellee by the appellants, the court allowed the appellants $2,700 for expenses, and $2,400 for the value of their services as agents and promoters of the corporation.

The evidence is very conclusive that the defendants Berkley, Myers, and Thee were the promoters of the Carbon Plaster Company, and that as such promoters and agents they occupied a fiduciary relation to said company, which required of them the utmost good faith and the fullest disclosure of every matter concerning the financial interests of said corporation. *Hinkley v. Pipe Line Co.,* 132 Iowa, 396; *The Telegraph v. Loetscher,* 127 Iowa, 383. That they took an option on the land in question for the corporation which was afterwards organized and subsequently acquired the title thereto for the corporation is established by facts and circumstances which can not be explained away. Being the agents and trustees of the corporation, they could not purchase on their own account and sell to the corporation at an enlarged price, unless

1. CORPORATIONS: organization: unauthorized acts of promoters: fraud.

the corporation had the fullest and most complete knowledge of the transaction and consented thereto. *Hinkley v. Pipe Line, supra; The Telegraph v. Loetscher, supra; Iler v. Griswold,* 83 Iowa, 442; *Merrill v. Sax,* 141 Iowa, 386.

That the Carbon Plaster Company had no actual knowledge that the appellants bought the land for $130 per acre is practically undisputed, unless it be said that the knowledge of the promoters and their agents who were members of the board of directors was the knowledge of the corporation. But their action in the matter was in their own interest and antagonistic to the interest of the corporation which they represented. Hence the corporation is not charged with their knowledge. *Hummel v. Bank of Monroe,* 75 Iowa, 689; *Faust v. Hosford,* 119 Iowa, 97. It is also true that, with two or three exceptions, none of the stockholders other than the appellants knew that the appellants were expecting to make a profit on the land. And, indeed, we think the weight of the testimony shows that the appellants represented to many of the stockholders that they were making no profit on the land at $250 per acre, the price paid by the corporation.

2. SAME: notice of fraud.

It is conceded by the appellee that this action was commenced more than five years after the cause of action accrued, and that it was barred, unless within one of the exceptions to the operation of the statute of limitations. Code, section 3448, provides one of the exceptions relied upon by the appellee, and it is as follows: "In actions for relief on the ground of fraud or mistake . . . the cause of action shall not be deemed to have accrued until the fraud . . . complained of shall have been discovered by the party aggrieved." This section has often been construed to apply to a cause of action on account of fraud such as was theretofore solely cognizable in chancery.

3. SAME: limitation of action.

*Daugherty v. Daugherty,* 116 Iowa, 245. And the appellants contend with great ability and earnestness that this case does not fall within the exception, because the relief prayed herein could have been granted as well in a law action. The contention can not, however, be sustained. In *Faust v. Hosford, supra,* the question is settled adversely to appellants' claim. We there said: "On account of the fiduciary relations existing between defendant and plaintiff, and the alleged fraud, this action was heretofore solely cognizable in a court of equity. Hence the statute . . . (Code, section 3448) applies." See, also, *Blakeney v. Wyland,* 115 Iowa, 607. In *Daugherty v. Daugherty,* 116 Iowa, 245, relied upon by appellants, there was no fiduciary relation, and it was expressly so stated. That case is not therefore controlling here. Fraudulent concealment is the same as active fraud in cases of this kind, and, where the fiduciary relation exists, mere silence upon the part of the agent or trustee is fraudulent concealment, and will be deemed as continuing to avoid the statute of limitations. *Faust v. Hosford, supra; Telegraph v. Loetscher, supra; Wilder v. Secor,* 72 Iowa, 161. In this case it is not necessary to rely solely on the rule above stated, because as we heretofore said, there is sufficient evidence of active fraud to sustain the allegations of the petition.

But appellants urge that, even if fraud be shown, the appellee was charged with knowledge thereof because of its means of acquiring such knowledge. It may be conceded that ordinarily means of knowledge will be held equivalent to actual knowledge. But notice to or knowledge by an agent who is acting in hostility to his principal is not notice to the principal, as we have heretofore shown. Nor is knowledge incidentally acquired by officers of a corporation when they are not acting officially notice to the corporation. *Keenan v. Insurance Co.,* 13 Iowa, 375; 10 Cyc. 1062; 2

4. FRAUD: notice.

Purdy's Beach on Corporations, 1160; Thompson on Corporations, sections 5219, 5221; 1 Morawetz on Private Corporations, sections 540b, 540c.

The only other ground upon which the appellants seek to charge the appellee with knowledge is the information as to price contained in the recorded deeds from the Woodworths to them. The simple recording of

5. SAME.

he deeds did not, however, operate as constructive notice of the price paid for the land; and, unless there was some obligation on the part of the appellee to examine the record for the purpose of learning the true price paid therefor, the law will not charge it with knowledge thereof. It was the duty of the appellants to make truthful and full statements regarding the transaction, and the corporation and its stockholders had the right to believe, and to act on such belief, that they had done so. The appellee was not, therefore, compelled to search records for the purpose of ascertaining the truth or falsity of the representations made, or to determine whether its agents had fraudulently concealed from it a material matter. *Osgood v. King,* 42 Iowa, 478; *Wilder v. Secor, supra; Faust v. Hosford, supra.*

The judgment of the district court is clearly right, and it is therefore *affirmed.*