C. G. HELMING, Appellee, v. PEOPLES NATIONAL BANK OF WAUKON, Appellant.

JUNE 26, 1928.

REHEARING DENIED NOVEMBER 16, 1928.

1214

*Chandler Woodbridge* and *Senneff, Bliss, Witwer & Senneff,* for appellant.

*William S. Hart,* for appellee.

WAGNER, J.—The defendant is a national bank, engaged in the banking business at Waukon. On the 8th day of May, 1925, the date of the injury of which plaintiff complains, the plaintiff was a director of said bank and a member of its auditing committee. One Stock was at that time the cashier of the defendant bank. The bank was the owner of two farms, one near Tomah, Wisconsin, and the other near Kellogg, Minnesota. The matter of examining and checking up these two farms was discussed by the board of directors of the defendant bank, and it was arranged that the plaintiff and Stock, the cashier, should make a trip from Waukon to the two farms for said purpose; and, pursuant to said arrangement, on the morning of the 6th day of May, 1925, plaintiff and Stock started upon said mission in a Ford automobile which was owned by the bank, and which was used generally by the officers and employees of the bank in looking after its outside business. They first went to the farm in Wisconsin, and from there to the farm in Minnesota. They left the Minnesota farm on the morning of the 8th day of May,—Stock at the wheel, and the plaintiff riding in the seat with him. As they were driving through the village of Minnieska, Minnesota, on the right-hand side of the street, the car came in contact with a telephone pole standing about two feet from the sidewalk, and the car was turned over, and the plaintiff injured.

The plaintiff seeks recovery for the injury, and bases his claim upon alleged negligence of defendant in placing said automobile in charge of an incompetent and inexperienced driver, and in causing and procuring plaintiff to ride in an automobile that was unsafe for use and travel upon the public highway.

The appellee in his brief and argument states that the liability of the bank rests upon two grounds, viz: failure to furnish an auto in reasonably safe condition, and failure to furnish a driver reasonably competent to operate the same.

It is conceded by the parties that the provisions of the Workmen's Compensation Act are not applicable to the situation pre-

sented by the instant case. Hence we give the same no consideration.

At the close of the evidence, the defendant moved for a directed verdict, and the motion was overruled. Proper exception was taken to this action by the court, and the same is now assigned as error. The question for our consideration raised by this assignment of error is as to whether or not either one of the grounds of negligence alleged should have been submitted.

The Ford automobile was purchased by the bank in 1924, for the use as hereinbefore mentioned, and was generally used for said purposes by the officers and employees of the bank. The uncontradicted evidence discloses that Stock, who was driving the car at the time of the injury, had considerable experience in driving automobiles; that he had been driving automobiles for five or six years; that he had owned an Overland, and also a Cadillac, both of which he operated frequently, and had occasionally used the Ford automobile which was owned by the defendant bank. It is shown that the guiding of the car, as is a matter of general knowledge, is by the use of the steering wheel, and that the matter of operation after shifting to high gear is the same whether the car be a Ford, an Overland, or a Cadillac. The plaintiff had previously accompanied Stock when he was driving the Ford automobile. Plaintiff was familiar with the driving of a Ford car, and the owner of one. There is nothing in the record showing or tending to show that the automobile was placed by the defendant bank in charge of an incompetent or inexperienced driver, and there was no justification for submitting said alleged ground of negligence to the jury.

It is claimed by the plaintiff that the defendant bank was negligent in that it did not provide an automobile in a reasonably safe condition for making the trip in question. We must

go to the record for the determination of this question. The uncontradicted evidence is that Stock told the plaintiff that the car had been overhauled the day before they started on their trip. On leaving Waukon, Stock drove the car as far as La Crosse, Wisconsin, a distance of about 60 miles. Nothing unusual occurred during that portion of the journey. The plaintiff drove the car from LaCrosse to Tomah, which is about the same distance as from Waukon to LaCrosse. The plaintiff testified

1216

that, while he was driving, the car seemed to be pulling to the right; that the pulling was quite marked. After they arrived at Tomah, they went to the farm owned by the defendant bank, and returned to Tomah, where they stayed all night. Several trips were taken by them back and forth to the farm. The car was not taken to any garage, and no effort was made by either the plaintiff or Stock to have the same repaired. Sometime during May 7th they left Tomah for the farm near Kellogg, Minnesota, at times Stock driving, and at other times the plaintiff being at the wheel. Although it is claimed that the car appeared to be pulling to the right, and although the plaintiff testifies that he thought, as he drove along, that it was dangerous to drive the car, yet no attempt was made by either of them to ascertain the cause of the trouble; if any, with the car, or to have it repaired.

It thus appears that the car had been overhauled the day before starting upon their journey. There is nothing in the record tending to show that the car was not in reasonably safe condition when they started upon their trip. If the pulling of the car to the right was noticeable, as testified to by the plaintiff, and he realized, as he testifies, that it was dangerous to ride in the same, he could not continue on the trip with it in that condition without being guilty of contributory negligence. The plaintiff was a director of defendant bank and one of its managing officers, and it was as much his duty to see that any defect in the car or its operation was remedied as it was that of Stock, the cashier. The plaintiff cannot complain of any defective condition in the car arising during the trip which was not repaired, and which it was his duty to have repaired, before proceeding upon the journey. Thus it is manifest that as to this ground of negligence the plaintiff cannot recover, and the court erred in submitting the same to the jury.

We hold that, under the record in this case, the plaintiff cannot recover upon any ground of negligence alleged in his petition, and the defendant's motion for a directed verdict should have been sustained.

Many other errors are assigned by the defendant; but, in view of our holding as to defendant's motion for a directed verdict, it is unnecessary to discuss them. For the reasons hereinbefore mentioned, the action of the trial court in overruling defendant's motion for a directed verdict was erroneous, and the

judgment is reversed, and the cause remanded.—*Reversed and remanded.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.