D. W. Bates, Superintendent of Banking, Plaintiff, v. Winfield State Bank, Defendant.

On claim of

Union Bank & Trust Company, Trustee, Claimant, Appellee, v. D. W. Bates, Receiver, Defendant, Appellant.

No. 42669.

December 11, 1934.

Max Kinney, for appellant.

Jones & White and Kenneth W. Nelson, for appellee.

Evans, J.—The case is unique in that upon the initial argument, each party seems to be arguing against his own interest. The appellant contends that this claim was purely a trust account and not a deposit. To adopt this contention would be to establish a prefer-

ence as to all the cash on hand. The benefit of such a preference disappears when it is noted that the total amount of cash on hand was $228.69; and the total amount of alleged trust accounts, including that of the appellee, was more than $15,000. The contention of the appellant is that the beneficiary of this trust was entitled to pro rate with $14,000 of other trust claims in the apportionment of $228.69, and to nothing more. This accounts for the apparent inconsistency of the respective parties whereby the receiver seeks to stand in the role of a trustee and whereby the present guardian rejects the tender. As indicating the grounds upon which the appeal is prosecuted, we quote briefly from the argument of appellant as follows:

"The guiding principle is that *a trustee cannot assert a title of his own to trust property*. If he destroys a trust fund by dissipating it altogether, there remains nothing to be the subject of the trust. The property held by the bank in trust, however, is in equity properly segregated toward the payment of the trust accounts and the property held by the bank generally is properly segregated and applied first toward the payment of the deposit accounts, and next to the payment of general creditors. * * *

"Under our laws a wrongful deposit has been held to create a trust, and no trustee or fiduciary can create the relation of debtor and creditor by its own acts.

"Had the trustee procured an order of court authorizing it to deposit the funds in accordance with the statute, with itself, a different question would be presented. That question, however, is not before the court for it is not contended that there was any protective order of the court providing for a deposit of the trust funds with itself as trustee.

"The record establishes only the status of a trust. There is no evidence in the record tending to establish the relation of debtor and creditor.

"The mere fact that the bank carried the record of this trust fund, showing accretions thereto and disbursements therefrom, in a manner and on a sheet of paper similar to its deposit accounts does not establish the status of debtor and creditor. The relation of debtor and creditor must arise out of contract, and a contract must arise out of parties capable of making a contract. Under our statute, it is impossible for the bank, as trustee, to make a contract with itself as banker to carry the trust account as a deposit account. It

was beyond the authority of the institution to contract with itself in these several capacities. Therefore, the relationship of debtor and creditor was not established and the account in question could be held only to be a trust account."

There can be no question that in its origin the relation of the guardian to the ward was that of trustee and trustor. Nor any doubt that the relation of debtor and creditor was not originally intended. To treat the ward as a depositor is to say that the guardian had acquired *title* to the funds on deposit. To treat the ward as a trustor is to say that the guardian did not either in law or fact assume *title* to the money deposited. To say, as appellant does, that the guardian had no right to make his ward a depositor, and had no right to assert title to the deposit, does not necessarily avail the appellant. The counter-contention for the appellee is not that the guardian *could* lawfully acquire such title, but that it *did acquire it*, even though *unlawfully*. The case turns at this point. The practical fact appearing upon this record is that the guardian did appropriate this fund. True it was done wrongfully. If one unlawfully appropriate the property of another, and is sued therefor, he may not plead the deficiency of title acquired by him as a defense to the suit. In this case the guardian deposited the funds in its own bank to the credit of itself as trustee, and in substantially the same form as a general deposit. In so doing, it asserted a dominion over the title. True it had no right to do so. If its act had been rightful, it would have reduced the transaction to a general deposit. The injured beneficiary has chosen to adopt the status, which the guardian wrongfully imposed upon it. Can the wrongdoer object? Manifestly not. The doctrine of ratification in such a case confers upon the injured party the right to take whatever benefits will naturally flow to him from the wrongful act of the wrongdoer. The rule is stated in the text-books as follows:

"Where the trustee has made separate illegal investments the *cestui que trust* is at liberty to accept such as he chooses and to reject others. If he improperly converts the trust fund, the *cestui que trust* has his option to take the money or have the investment replaced. * * * If a trustee mixes the trust fund with his private moneys and employs both in trade, the *cestui que trust* may, if he prefers it, insist upon having a proportionate share of the profits." 65 C. J. 818.

In Robinson v. Robinson, 22 Iowa 427, we said:

"Appellee insists that the guardian had no right to part with this money, and consent to its investment in this manner; that the wards must look to him for their money. In our opinion they might do so; but at their election, they can follow the money into these lands. *They might repudiate or ratify the act of the guardian.* They have chosen to do the latter, and this was clearly their right."

In Hoyt v. Hampe, 206 Iowa 206, 214 N. W. 718, 220 N. W. 45, we said:

"A fiduciary may not, directly or indirectly, *appropriate the trust fund to himself without the concurrence of the cestuis* with full knowledge of the facts. * * * 3 Pom. Eq. section 1073. Such an appropriation would be voidable at *the option of the cestuis,* without any showing of fraud, negligence, or prejudice."

In the appropriation of this fund the guardian-bank assumed to pass title thereto. It also assumed that it held the fund as a deposit. That assumption has been ratified by the appellee. As against such ratification, we see no defense available to the guardian-bank. The logic of the case is very brief. The guardian-bank wrongfully treated the fund as a deposit and, as such, appropriated the title thereto. The new guardian waives the tort and ratifies the act. The status of deposit thereby became fixed.

The trial court so held and its decree is affirmed.

MITCHELL, C. J., and ALBERT, KINDIG, and DONEGAN, JJ., concur.